**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HOLY BIBLE MISSIONARY BAPTIST CHURCH, JOHNATHAN JOHNSON, and DERONDA POWELL, on behalf of themselves and those similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 25-cv-3264 |
| v. | ) ) | Judge April M. Perry |
| CITY OF HARVEY, CHRISTOPHER CLARK, RICHARD SEPUT, and COREAN DAVIS, | ) ) ) ) | |
| Defendants. | ) ) | |

### OPINION AND ORDER

Holy Bible Missionary Baptist Church ("HBMBC"), Johnathan Johnson, and Deronda Powell (collectively, "Plaintiffs") brought this case against the City of Harvey, Christopher Clark, Richard Seput, and Corean Davis (collectively, "Defendants") alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Illinois Consumer Fraud and Deceptive Businesses Practices Act, and the Illinois Uniform Deceptive Trade Practices Act, as well as alleging common law claims for breach of the covenant of good faith and fair dealing and unjust enrichment. Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 34. For the reasons that follow, Defendants' motion to dismiss is granted.

### BACKGROUND

This case involves the calculation, issuance, and payment of water bills in the City of Harvey ("Harvey"). At the time of the matters alleged in the complaint, Christopher Clark, Richard Seput, and Corean Davis were the Mayor of Harvey, Harvey Public Works

Superintendent, and Harvey Village Administrator, respectively. Doc. 1 ¶¶ 5-7. Plaintiffs allege

that Defendants have been overcharging property owners for Defendants' own pecuniary benefit

by inflating water usage numbers on water bills.

Previously, the Harvey water system was maintained by a water reclamation district. *Id.* ¶

13. During this time, HBMBC's water bills totaled $40 to $50 a month. *Id.* However, sometime

thereafter Harvey took over control of the water system and became responsible for billing. *Id.* ¶

14. For the past two years, HBMBC has received monthly water bills charging over $500. *Id.* ¶

17. In 2022, Deronda Powell, a resident of Harvey, also began noticing increases in her water

bills. *Id.* ¶ 27. The Harvey website states that water meters are read and billed monthly. *Id.* ¶ 15.

But when Powell asked Harvey about her water bills, she was informed that her meter was

located underground and could not be readily observed. *Id.* ¶ 28. According to the complaint,

Harvey representatives acknowledged in a city council meeting on February 10, 2025 that

Harvey does not read the meters to determine usage for water bills and instead "at best"

estimates the water bills. *Id.* ¶¶ 21, 30.[1]

The complaint further pleads on "information and belief" that "other named defendants

herein received a pecuniary benefit from the overbilling." *Id*. ¶ 26. The complaint also alleges

---

[1] The parties fiercely debate whether the Court should consider a video of the February 10, 2025 city council meeting which Defendants contend proves that no such statements were made by any Harvey representative. A district court has discretion as to whether to consider materials outside of the pleadings submitted in support of a motion to dismiss, either by converting the motion to dismiss to a motion for summary judgment or by taking judicial notice of the materials if it is proper to do so. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) ("A motion to dismiss must be *treated* as a motion for summary judgment if the judge *considers* matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers.") (emphasis in original); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (a district court may "take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment."). In this case, the Court need not reach this issue because even accepting Plaintiffs' version of the meeting as true, they have stated no plausible claim. Plaintiffs' counsel are cautioned, however, that should they file an amended complaint, the Court will expect counsel to abide by their Rule 11 obligation to ensure their factual contentions have evidentiary support.

that Harvey's water bills are mailed via the United States Postal Service and property owners and residents can pay their water bill via mail, electronically, or by dropping off the payment at a Harvey building. *Id.* ¶¶ 22-23.

## LEGAL STANDARD

When deciding a motion to dismiss, the Court accepts the allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to Federal Rule of Civil Procedure 8(a) a complainant must include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The law is clear that a "formulaic recitation of the elements of a cause of action will not do." *Id.*

Although Rule 8(a) generally governs federal pleading, if a claim sounds in fraud then Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (noting that any claim "premised upon a course of fraudulent conduct" is subject to Rule 9(b)'s pleading requirements). While the precise level of particularity required under Rule 9(b) depends upon the facts of the case, "a complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Sears v. Likens*, 912 F.2d 889,

3

893 (7th Cir. 1990). "A plaintiff ordinarily must describe the who, what, when, where, and how of the fraud—the first paragraph of any newspaper story." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (internal quotations omitted). "One of the purposes of the particularity and specificity required under Rule 9(b) is to force the plaintiff to do more than the usual investigation before filing his complaint." *Camasta v. Jos. A. Bank Clothiers Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (internal quotations omitted).

**ANALYSIS**

## I. RICO

The Court begins by considering Plaintiffs' RICO claim, which is the only claim in the complaint that provides a basis for federal subject matter jurisdiction.[2] A RICO claim under 18 U.S.C. § 1962(c) has four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 655 (7th Cir. 2015). A "pattern" requires at least two acts of "racketeering activity" occurring within ten years of each other. 18 U.S.C. § 1961(5). To the extent the alleged racketeering activity is a scheme to defraud, like in this case, the plaintiff must: (1) describe the predicate acts of fraud with some specificity; (2) state the time, place, and content of the alleged fraudulent communications; and (3) plead enough facts to notify each defendant of his or her role in the alleged scheme. *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 726 (7th Cir. 1998). "[L]oose references to mailings and telephone calls in furtherance of a purported scheme to defraud will not do." *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994) (internal quotations omitted).

---

[2] Plaintiffs do not assert diversity jurisdiction and have alleged that all parties reside or are domiciled in Illinois. *See* Doc. 1 at ¶¶ 1-7.

Here, Plaintiff's RICO claim fails for a number of reasons. First, the complaint does not plausibly allege that there has been any racketeering activity. The complaint does plausibly allege that something is amiss when it comes to Harvey's calculation of its water bills. Namely, according to the complaint: (1) the Harvey website states that water meters are read monthly when in fact they allegedly are not read at all; and (2) the water bills are higher than they should be for two of the plaintiffs.[3] But there are no facts alleged from which one could conclude that these problems are attributable to a fraud scheme as opposed to negligence, incompetence, or mistake.[4]

Second, even if the complaint plausibly alleged a racketeering scheme involving fraudulent water bills, the complaint does not plausibly allege that Clark, Seput, or Davis were in any way involved. Plaintiffs have not alleged a single fact from which one could conclude that Clark, Seput, or Davis was responsible for either the false statement on the Harvey website or the creation of the water bills. In fact, the complaint does not allege any action (or inaction) by any one of the individual defendants at all. Seput's and Davis's names are each mentioned just two times in the complaint: once in the case caption and once where their positions with Harvey are listed. Clark gets an extra three references in the complaint, none of which provide any detail about what he is alleged to have done wrong. RICO liability is personal. To that end, Plaintiffs must allege some facts through which one could infer that each individual defendant should be held personally liable. *See Jepson*, 34 F.3d at 1328 ("[W]hen the complaint accuses multiple defendants of participating in the scheme to defraud, the plaintiffs must take care to identify

---

[3] The complaint provides no allegations explaining how Plaintiff Johnathan Johnson has been injured by the supposed RICO scheme, and therefore as currently pled Johnson lacks standing to bring this suit.

[4] To the extent Harvey officials are announcing in public meetings that they estimate water bills (as the complaint alleges), negligence, incompetence, or mistake frankly seem more likely than a scheme to defraud.

which of them was responsible for the individual acts of fraud" and "allege facts from which it reasonably may be inferred that the defendants engaged in the scheme with fraudulent intent[.]").

To be clear: the complaint must do more than speculate, draw legal conclusions, or add the words "upon information and belief" before it speculates or draws legal conclusions. For that reason, the Court disregards allegations such as that "Christopher Clark, Harvey Mayor, as a RICO person, along with other named Defendants willfully and intentionally caused to be charged excessive amounts," Doc. 1 ¶ 46, or that "[u]pon information and belief, the other named defendants herein received a pecuniary benefit," *id*. ¶ 26, or that Defendants "upon information and belief engaged in the billing and collecting [*sic*] excessive water charges," *id*. *See Goren*, 156 F.3d at 730-31 (noting that allegations of fraud must be pled against individual defendants with "sufficient particularity"); *Sears,* 912 F.2d at 893 (affirming dismissal when "complaint lump[ed] all the defendants together and d[id] not specify who was involved in what activity."); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992) (pleading based on "information and belief" does not meet Rule 9(b)'s standards). Harvey may not be Chicagoland's largest municipality, but at more than 19,000 residents it is not so small that the Mayor, Public Works Superintendent, and Village Administrator would ordinarily be involved in reading water meters and sending out water bills. If Plaintiffs actually have facts that indicate Defendants did so, they need to plead them. *See Bankers Trust Co*., 959 F.2d at 683 (Rule 11's "duty of reasonable precomplaint inquiry is not satisfied by rumor or hunch.").

Another glaring problem with the complaint is its failure to allege any RICO predicate acts with specificity. The complaint alludes to federal mail and wire fraud as well as violations of the Illinois theft statute, 720 ILCS 5/16-1. However, acts chargeable as theft under state law are

not "racketeering acts" as defined by 18 U.S.C. § 1961(1).[5] Therefore, the pattern of racketeering activity rests solely on federal mail and wire fraud. But there is not a single mailing or wiring alleged with any specificity at all. *See Jepson,* 34 F.3d at 1328 ("the plaintiff must, within reason, describe the time, place, and content of the mail and wire communications, and it must identify the parties to these communications").

The complaint is also missing a plausibly alleged RICO enterprise. Plaintiffs assert in their briefing that the enterprise is an association-in-fact between the individual defendants. *See* Doc. 59 at 5 ("Clearly, the City is not the wrong doer, rather it is the individual defendants that make up the association in fact that constitutes the enterprise, that was created by them for their own pecuniary gain as alleged in the complaint."). However, an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. *Boyle v. United States*, 556 U.S. 938, 946 (2009). This complaint does not contain any of the three.

As already discussed, the complaint's allegations are utterly bereft of any factual detail about the individual defendants, and therefore also do not establish a common purpose, relationships, or longevity among them. One might infer from the complaint that the purpose of the enterprise was to send false water bills and collect the profits therefrom, but an enterprise must have "a structure and goals separate from the predicate acts themselves." *United States v. Masters*, 924 F.2d 1362, 1367 (7th Cir. 1991). To the extent Defendants were just defrauding

---

[5] 18 U.S.C. § 1961(1) limits predicate acts based on violations of state law to those involving "murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical." The complaint as currently alleged does not allege anything remotely resembling these state crimes.

people to advance their own self-interests, there is no enterprise. *United Food & Commercial Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 854 (7th Cir. 2013) (holding a plaintiff must identify "actions [ ] undertaken on behalf of the *enterprise* as opposed to on behalf of [the defendants] in their individual capacities, to advance their individual self-interests.").

For all of these reasons, the RICO claim is dismissed. As plaintiffs are generally entitled to replead once before a dismissal is with prejudice, Plaintiffs are granted leave to file an amended complaint if they can do so consistent with this opinion. Plaintiffs are not, however, permitted to replead a RICO claim against Harvey. The weight of the authority holds that municipalities are not proper defendants in a RICO action. *See, e.g.*, *Rogers v. City of New York*, 359 Fed. Appx. 201 (2d Cir. 2009) ("[T]here is no municipal liability under RICO."); *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996); *Call v. Watts*, 142 F.3d 432 (6th Cir. 1998); *Gentry v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991). And even if municipalities could be RICO defendants, Plaintiffs have asserted that "the City is not the wrong doer," Doc. 59 at 5, and therefore Harvey would not be a proper defendant.[6] Additionally, it appears from news reports that Defendant Christopher Clark has passed away. Although the parties have not notified the Court of this nor briefed the issue, RICO claims cannot be pled against a deceased defendant. *See Carroll v. Brown*, 1988 WL 130004, at * 4 (N.D. Ill. Nov. 25, 1988). Given all of these factors,

---

[6] Plaintiffs indicate in their responsive brief that they are attempting to obtain municipal liability *via Monell v. Department of Social Services*, 436 U.S. 658 (1978). Doc. 59 at 3. A *Monell* claim is brought pursuant to 42 U.S.C. § 1983 and has distinct elements and pleading requirements from a RICO claim. The current complaint does not mention Section 1983 nor set forth a plausible *Monell* claim.

counsel should carefully consider whether and how they can replead consistent with their Rule 11 obligations.

## II.      State Law Claims

With the RICO claim dismissed, all that remains are state law claims. There is a general presumption that when all federal claims are dismissed before trial, the Court will relinquish jurisdiction over the case. *Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (per curiam).  The Court therefore dismisses the state claims without prejudice. If Plaintiffs are able to plead a plausible claim demonstrating federal subject matter jurisdiction, the Court will then reach the merits of any motion to dismiss the state law claims.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted. Any amended complaint must be filed by March 27, 2026.

Dated: March 6, 2026

_____
APRIL M. PERRY
United States District Judge

9